UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CHEVEYO AMADOR,<br><br>      Plaintiff,<br><br>   v.<br><br>HOLLAND RESIDENTIAL, LLC,<br><br>      Defendant. | Case No. 23-cv-02117-LB<br><br>**ORDER DISMISSING CLAIMS AGAINST JAMIE WESSELS**<br><br>Re: ECF No. 39 |

   Plaintiff Cheveyo Amador sued his former employer Holland Residential for wrongful termination (in retaliation for his complaints about unsafe working conditions) and missed rest breaks, in violation of state law. After the defendant removed the case to federal court, he sought leave to amend his complaint to add his supervisor Jamie Wessels as a defendant. Holland contends that she is not liable for the wrongful-termination claims because she is not an employer, and she is not liable for missed rest breaks because she is not a managing agent. The court grants Holland's motion on these grounds.

   The court's earlier order describes the plaintiff's work history with Holland, including his job as a maintenance employee, his responsibilities, his ability to store things at work, his workday, the stressful context that attended homeless persons congregating at his work place, his complaints to

his managers, his on-the-job injuries, and his reporting them to his employer.[1] These allegations are unchanged in the amended complaint. The earlier order also identified allegations in the proposed amended complaint about Ms. Wessels.[2] In the amended complaint, the plaintiff reiterates the facts summarized in the earlier order: he received good performance evaluations, he used the storage room on the property, and Ms. Wessels fired him (despite three years that he was allowed to use it) at a time period that followed his complaints about the homelessness issues that attended his job.[3] The court had a hearing on March 28, 2024. The parties consented to magistrate-judge jurisdiction.[4]

Ms. Wessels is not a proper defendant. First, the plaintiff does not dispute that she is diverse (even though he tried to add her as a defendant because he thought she was a California citizen who would defeat diversity jurisdiction). Second, the court follows as persuasive the authority that a supervisor has no individual liability for the wrongful-termination claims under Labor Code §§ 6310 and 6311.[5] *See Hart v. Tuolumne Fire Dist.*, No. CV F 11-1272 LJO DLB, 2011 WL 3847088, at *9–10 (E.D. Cal. 2011); *cf. Thompson v. Genon Energy Servs., LLC*, No. C13-0187 TEH, 2013 WL 968224, at *3 (N.D. Cal. Mar. 12, 2013) (remand with non-diverse defendant because law is unsettled). Third, Ms. Wessels is not a managing agent and thus is not liable under Cal. Lab. Code § 558.1 for missed rest breaks. *White v. Ultramar, Inc.*, 21 Cal.4th 563, 566–67 (1999).

In sum, the court grants Holland's motion on the ground that the plaintiff cannot state claims against Ms. Wessels.

**IT IS SO ORDERED.**

Dated: April 4, 2024

LAUREL BEELER
United States Magistrate Judge

---

[1] Order – ECF No. 20 at 2–4. Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents. The court incorporates its earlier order by this reference, including its fact summary, the legal standards, and legal analysis. Because of that incorporation, this order does not reiterate the standards of review and instead relies on the earlier order.

[2] *Id.* at 5.

[3] First Am. Compl. – ECF No. 38 at 4 (¶ 7), 5–6 (¶ 10), 12–13 (¶ 21).

[4] Consents – ECF Nos. 7, 8-3, 44.

[5] *See* Mot. – ECF No. 39 at 10–11 (collecting and analyzing cases).